KARISH & BJORGUM PC
119 E. Union St., Suite B
Pasadena, CA  91103
Telephone:  (213) 785-8070
Facsimile:   (626) 795-6321

Attorneys for Plaintiff
INKIT INC.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| INKIT INC., <br><br> Plaintiff, <br><br> v. <br><br> NINTEX UK LTD.; NINTEX USA, INC.; and DOES 1-10, <br><br> Defendants. | Case No. <br><br> **COMPLAINT FOR DECLARATORY JUDGMENT** <br><br> **(JURY TRIAL REQUESTED)** |

Plaintiff, Inkit Inc. ("Inkit"), by and through its attorneys, Karish & Bjorgum, PC, files its complaint against Defendant Nintex UK Ltd. ("Nintex UK") and Nintex USA, Inc. ("Nintex USA")(collectively "Defendants") for injunctive relief as follows:

**Nature of the Action**

1. Plaintiff brings this action for declaratory judgment pursuant to 28 U.S.C. § 2201 *et seq.*,

**Subject Matter Jurisdiction and Venue**

2. This case is a civil action arising under the Trademark Laws of the United States, 15 U.S.C. §§ 1051, *et seq*. This Court has subject matter jurisdiction over this action pursuant to, *inter alia*, 28 U.S.C. § 1331, 28 U.S.C. § 1338, the Declaratory Judgment Act under 28 U.S.C. § 2201, 15 U.S.C. §§ 1118 and 1125(a).

3. Venue is proper in this court pursuant to 28 U.S.C. §§ 1391(b) and (c) because

Defendant has transacted business in this District, committed acts of infringement in this District a substantial part of the events giving rise to Inkit's claims occurred in this district and because Defendant is subject to personal jurisdiction in this district.

## Parties and Personal Jurisdiction

4. Plaintiff Inkit is a Delaware corporation with its principal place of business in Minneapolis, Minnesota.

5. Defendant Nintex USA, Inc. is a Delaware corporation with its principal place of business at 1 Post, Suite 175, Irvine, CA 92618.

6. Upon information and belief, Nintex USA is a subsidiary of the multinational Nintex UK Ltd.

7. The names, identities and capacities, whether individual, associate, corporate or otherwise, of Defendants DOES 1 to 10, inclusive, and each of them ("the DOE Defendants"), are unknown to Plaintiff at this time, who therefore sues the DOE Defendants by such fictitious names. When the true names and capacities or participation of the DOE Defendants are ascertained, Plaintiff will amend this complaint to assert the true names, identities and capacities. Plaintiff is informed and believes and thereon alleges that each of the DOE Defendants sued herein is responsible for the wrongful acts alleged herein, and is therefore liable to Plaintiff in some manner for the events and happenings alleged in this complaint. Plaintiff is informed and believes and thereon alleges that at all times herein mentioned, the DOE Defendants were and are doing business and/or residing in this District.

8. This Court has personal jurisdiction over Defendants because Defendants have committed acts of infringement in this Judicial District, transact business affairs in this Judicial District, derives substantial revenue from transacting business within this Judicial District, have substantial contacts with this Judicial District, and/or otherwise avails itself of the privileges and protections of the laws of the State of California and have infringed Plaintiff's trademark within the state and this Judicial District.

## Background

9. Inkit is the assignee of common-law rights in the word mark "DOCGEN," (the "Mark") including all rights, title, interest, and goodwill in the DOCGEN Mark.

10. The Mark was adopted in or around November of 2011, and branded software was hosted via the GitHub site. GitHub is a cloud-based code hosting platform that provides version control and collaboration.

11. DOCGEN was made available as open-source software on or around March 31, 2015, also via GitHub.

12. Inkit's DOCGEN software provides its users the ability to automate business processes and create documentation, forms, and reports.

13. On September 26, 2016, Nintex UK filed an intent to use (§ 1(b)) trademark application to the United States Patent and Trademark Office ("USPTO") in international classes 009 and 042 for, among other descriptions, automating and managing business processes, facilitating communications, and creating forms, documentation and reports relating thereto.

14. In subsequent filings, Nintex UK claimed its first use date as August 9, 2018.

15. Inkit, as assignee of the Mark, has engaged in nationwide use of the Mark by providing its goods and services in interstate commerce since well before Defendant's trademark filing date or claimed first use date.

16. The first commit, or recorded change, recorded via GitHub of Plaintiff's assignor's software was on February 15, 2015. A screenshot of the first commit is attached hereto as Exhibit A.

17. The first issues, GitHub's functionality to track feedback, tasks, or bugs was recorded on March 27, 2015. Screenshots of the first issues tracking are attached hereto as Exhibit B.

18. The Mark was used in commerce at least as early as December 18, 2015, with use of Plaintiff's assignor's software by a leading U.S. supplier of remotely operated underwater vehicles.

19. The Wayback Machine (https://web.archive.org/) recorded a snapshot of Plaintiff's assignor's website as early as April 4, 2015. A screenshot from the Wayback Machine is attached hereto as Exhibit C.

20. Further, searching "DOCGEN" via a popular search engine produces Plaintiff as the first organic result. A screenshot of the search result is attached hereto as Exhibit D.

21. Plaintiff continues to engage in nationwide use of the Mark. The registry for GitHub shows two-hundred-one (201) weekly downloads of Petitioner's software for the period October 17, 2023 to October 23, 2023. A screenshot from the registry is attached hereto as Exhibit E.

22. In short, Plaintiff's use of the Mark in interstate commerce is extensive and pre-dates Defendants' use by several years.

23. Inkit has not authorized Defendants to use its DOCGEN trademark.

24. Defendants have engaged in deceptive advertising efforts, including the wrongful use of Plaintiff's DOCGEN trademark. These efforts target the same customers and potential customers, and use the same promotion methods, and are likely to be confusing to customers.

25. Defendants' use of the DOCGEN mark in commerce infringes Plaintiff's senior common law trademark rights and creates a substantial justiciable controversy between the parties, having adverse legal interests of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

## First Claim for Relief

(Declaratory Judgment of Trademark Priority and Ownership)

26. Plaintiff realleges and incorporates by reference each of the allegations contained in Paragraphs 1 through 26 of this Complaint as though fully set forth.

27. First-in-time common law trademark rights in DOCGEN were established nationwide by Inkit via Trademark Assignment, including all rights, title, interest, and goodwill in the DOCGEN mark.

28. Inkit has continuously used the word mark DOCGEN in commerce for, among other descriptions, automating and managing business processes, facilitating communications, and creating forms, documentation and reports relating thereto since acquiring the trademark.

29. On information and belief, Plaintiff used its DOCGEN mark in commerce prior to Defendant's September 26, 2016 trademark application filing date

30. None of the Defendants rightly used DOCGEN, or any mark that could be confused therewith, in commerce, in the United States, prior to August 9, 2018.

31. On information and belief, there is an actual and substantial controversy between the Parties of sufficient immediacy and reality to warrant the rendering of a declaratory judgment by this Court pertaining to trademark priority of Plaintiff's DOCGEN mark.

32. A judicial declaration is necessary and appropriate at this time so that the parties may proceed in accordance with their respective rights as determined by the Court.

## Second Claim for Relief

(Cancellation of Federal Trademark Registration No. 5601903 – 15 U.S.C. § 1119)

33. Plaintiff realleges and incorporates by reference each of the allegations contained in Paragraphs 1 through 32 of this Complaint as though fully set forth.

34. On information and belief, Plaintiff has rights as the senior user in commerce of the DOCGEN mark over Defendant, and therefore has superior trademark rights.

35. On information and belief, Plaintiff is being damaged each day Defendant's infringing mark is used or registration not cancelled because it has priority through senior use in commerce and there is a likelihood of confusion between the two marks, and as such Defendant's registration should be cancelled.

36. Plaintiff accordingly prays for the Court to use its power under 15 U.S.C. §1119 to cancel Registration No. 5601903.

## Prayer for Relief

**Therefore**, Plaintiff respectfully requests judgment as follows:

1. Declare that Plaintiff has trademark priority over Defendants for the word mark DOCGEN and that Plaintiff owns the rights to DOCGEN.

2. Declare that Plaintiff has the right to use the DOCGEN mark free from interference from Defendants, its officers, agents, servants, employees, attorneys, privies, representatives, successors, and assigns, and any and all persons acting by, through, and under the authority of Defendants, or in concert or participation with Defendants.

3. Order the cancellation of Defendant's federal trademark registration for DOCGEN (Registration No. 5601903).

4. That the Court issue a Preliminary Injunction and/or Permanent Injunction enjoining and restraining Defendants and its respective agents, servants, employees, successors and assigns, and all other persons acting in concert with or in conspiracy with or affiliated with Defendants, from engaging in any activity constituting an infringement of Inkit's trademark in the DOCGEN trademark.

5. That the Court award Inkit its costs of suit, expenses and attorney's fees incurred herein.

DATED: October 27, 2023

By: _____

KARISH & BJORGUM PC
119 E. Union St., Suite B
Pasadena, CA  91103
Telephone:  (213) 785-8070
Facsimile:   (626) 795-6321

Attorneys for Plaintiff
INKIT INC.

# I.
# DEMAND FOR TRIAL BY JURY

Plaintiff Inkit Inc. hereby demands a trial by jury to decide all issues so triable in this case.

DATED:  October 27, 2023

By: _____/s/ A. Eric Bjorgum_____

KARISH & BJORGUM PC
119 E. Union St., Suite B
Pasadena, CA  91103
Telephone:   (213) 785-8070
Facsimile:    (626) 795-6321

Attorneys for Plaintiff
INKIT INC.

# Exhibit A



# Exhibit B



# Exhibit C



# Exhibit D



# Exhibit E

Case 8:23-cv-02023   Document 1   Filed 10/27/23   Page 18 of 18   Page ID #:18

